UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS P. SMITH,

    Plaintiff,

v.                                             Case No. 8:09-cv-1446-T-30TGW

UNIVERSAL HEALTH CARE, INC.,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Universal Health Care, Inc.'s Motion to Dismiss (Dkt. 4) and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Dkt. 8-2). The Court, having considered the motion, memorandum of law in opposition to same, and being otherwise advised on the premises finds that the motion to dismiss should be denied.

# BACKGROUND

Plaintiff Thomas P. Smith ("Plaintiff") filed a three-count complaint against Defendant Universal Health Care, Inc. ("UHC") for breach of his executive employment agreement (the "Agreement"). (Dkt. 2). Count I alleges a breach of an express contract, Count II alleges a breach of an oral contract, and Count III alleges a promissory estoppel claim. UHC removed the action to this Court and, on August 4, 2009, filed a motion to dismiss the complaint. (Dkt. 4). The motion argues that the complaint must be dismissed as a matter of law because Plaintiff's state law claims are preempted by federal law

governing Medicare and Plaintiff has failed to exhaust available administrative remedies required by Medicare.  UHC also argues that it is entitled to sovereign immunity.  In the alternative, UHC argues that Counts II and III must be dismissed because they are inconsistent with Count I.  Lastly, UHC argues that Count III does not sufficiently plead the elements of a promissory estoppel claim.

On September 4, 2009, Plaintiff filed a memorandum of law in opposition to the motion to dismiss.  (Dkt. 8-2).  Plaintiff argues that his state law claims do not arise under Medicare, are not inextricably intertwined with a claim for Medicare benefits, and UHC is not entitled to sovereign immunity.  Plaintiff also argues that recent Eleventh Circuit precedent makes it clear that Fed. R. Civ. P. 8(d) expressly permits the pleading of both alternative and inconsistent claims, and that Count III is sufficiently pled.  For the reasons set forth herein, the Court finds that UHC's motion to dismiss must be denied.

## DISCUSSION

### I.   Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is

plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II. UHC's Argument that the Court Does Not Have Subject Matter Jurisdiction

UHC primarily argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff's claims are inextricably intertwined with benefits determinations and thus arise under the Medicare Act. UHC points to no authority, however, that would suggest that a claim for compensation pursuant to an employment agreement arises under or relates in any way to Medicare. The Agreement between Plaintiff and UHC does not mention the Medicare Act or even remotely suggest that the Medicare Act is implicated. A review of the complaint's allegations also do not suggest that Medicare is impacted. Rather, the allegations relate to UHC's failure to compensate Plaintiff for services rendered as an employee of UHC and pursuant to the Agreement. Also, Plaintiff's claims are governed by

Florida law regarding breach of an agreement and promissory estoppel. Because the complaint and the Agreement do not suggest that Medicare is implicated in any way, UHC's arguments that Plaintiff's claims must be reviewed administratively and that UHC should be entitled to sovereign immunity similarly lack merit. Accordingly, UHC's motion to dismiss on the ground that the Court does not have subject matter jurisdiction is denied.

**III. UHC's Argument that Counts II and III Should Be Dismissed**

UHC argues that Counts II and III of the complaint should be dismissed because they are inconsistent with Count I, which alleges a breach of an express contract. Under Rule 8(d) of the Federal Rules of Civil Procedure, a party may allege both alternative and inconsistent claims. Thus, UHC's argument that Counts II and III must be dismissed because Count I alleges an express contract is denied.

UHC also argues that Count III of the complaint should be dismissed because it does not sufficiently plead the elements of promissory estoppel. The Florida Supreme Court in W.R. Grace and Co. v. Geodata Services Inc., 547 So. 2d 919 (Fla.1989), explained that:

> The basic elements of promissory estoppel are set forth in Restatement (Second) of Contracts § 90 (1979) which states:
>
> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Id. at 924. A review of the complaint's allegations demonstrates that Plaintiff has sufficiently pled a claim of promissory estoppel. Plaintiff alleges that UHC promised that Plaintiff would be compensated for performing certain services. Plaintiff also alleges that,

in reliance on that promise, Plaintiff provided those services to his detriment, because UHC failed to compensate him for those services. Accordingly, UHC's argument that Count III must be dismissed because it does not plead the elements of a promissory estoppel claim is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Universal Health Care, Inc.'s Motion to Dismiss (Dkt. 4) is **DENIED.**

2. Defendant Universal Health Care, Inc. shall file an answer to the complaint within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 8, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1446.m2dismiss.frm