# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**THOMAS P. SMITH,**

    Plaintiff,

v.                                    Case No. 8:09-cv-1446-T-30TGW

**UNIVERSAL HEALTH CARE, INC.,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration of Order Dated July 8, 2010 (Dkt. 72) and Defendant's Response to same (Dkt. 73). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

On July 8, 2010, the Court granted Plaintiff's Motion to Extend Case Management Deadlines (Dkt. 69). The Court pointed out in its Order that Plaintiff's counsel must comply with the Court's local rules regarding the requirement to confer with opposing counsel prior to the filing of Plaintiff's motion and stated that any further violations of Local Rule 3.01(g) could subject Plaintiff's counsel to sanctions. The Court included this language based on Defendant's response, which stated that Defendant did not oppose Plaintiff's motion, despite Plaintiff's representation that the parties were unable to resolve the issues contained within the motion.

Plaintiff argues in his motion for reconsideration that he did, in fact, comply with Local Rule 3.01(g) and attaches e-mails between Plaintiff's counsel and Defendant's counsel in support of same. Upon review of the correspondence, the Court notes that it appears that Defendant's counsel did not oppose Plaintiff's motion,[1] although, Defendant's counsel never provided Plaintiff's counsel with a firm answer and Plaintiff's counsel filed the motion before receiving a firm answer.

Thus, rather than stating that "Counsel for the parties were unable to resolve the issues made by this motion," Plaintiff's counsel should have stated that it appeared from e-mail communications that Defendant's counsel did not oppose the motion, but that Plaintiff's counsel was waiting on a firm answer, and the 3.01(g) certification would be supplemented once he heard back from Defendant's counsel.

Accordingly, the Court will not amend the July 8, 2010 Order. Going forward, Plaintiff's counsel <u>and</u> Defendant's counsel shall strictly comply with Local Rule 3.01(g) before the filing of any motion, which includes timely responding to e-mail correspondence and/or telephone communications regarding same. It is insufficient to state that the parties were unable to confer on an issue due to the unavailability or unresponsiveness of counsel.

---

[1] Indeed, Defendant's counsel states "I am sure we can agree" and points out that this Court previously stated that the discovery deadlines could be extended if the case did not settle at mediation. (Dkt. 72-1).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration of Order Dated July 8, 2010 (Dkt. 72) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1446.mtreconsideration.frm